UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. LIMBRIGHT and
HENRY J. LIMBRIGHT,                     Case No. 04-60270

    Judgment Plaintiffs,

v.                                      District Judge Marianne O. Battani
                                        Magistrate Judge R. Steven Whalen

GEORGE HOFMEISTER and
KAY RAMSAY HOFMEISTER,

    Judgment Defendants,

THE GEORGE S. HOFMEISTER FAMILY
TRUST f/b/o MEGAN G. HOFMEISTER,
THE GEORGE S. HOFMEISTER FAMILY
TRUST f/b/o SCOTT R. HOFMEISTER,
THE GEORGE S. HOFMEISTER FAMILY
TRUST f/b/o JAMIE S. HOFMEISTER,

    Supplementary Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Compel Production of Documents [Docket #15].

### I.  BACKGROUND FACTS

This case follows a judgment entered in the United States District Court for the Eastern District of Kentucky on March 29, 2002, in favor of Plaintiffs James and Henry

Limbright against George and Kay Hofmeister (the "Judgment Defendants). That judgment was based on personal guarantees/promissory notes given by the Hofmeisters to the Plaintiffs on March 29, 2000. Plaintiffs demanded payment on or about January 10, 2001.

The Supplementary Defendants in the present case are three trusts (the George S. Hofmeister Family Trusts) which were purportedly established for the benefit of the Judgment Defendants' children. An original single trust was established in 1991, and was separated into three separate trusts in 1999.

Plaintiffs seek production of numerous documents relating to the transfer of assets into and out of these trusts, dating back to 1998. Plaintiffs argue that the Hofmeisters' assets were fraudulently transferred to the trust(s), and that the trusts are improperly providing support for the Hofmeisters. *See Complaint*, ¶¶ 12, 13. Among the assets alleged to have been fraudulently transferred is a condominium unit in St. Lucie County, Florida, which was deeded to the trusts on April 11, 2001. *Id.*, ¶13.[1] Plaintiffs allege that "Judgment Defendants currently reside on a 2,000 acre horse farm near Lexington, Kentucky in a 35,000 square foot, three story stone mansion with 19 additional homes, 30 barns, 66 miles of fencing and 9 miles of roads and several ponds and streams." *Id.*, ¶14.[2]

Plaintiffs allege three Counts in their Complaint:

Count I: Fraudulent and therefore voidable conveyance in violation M.C.L. §§

---

[1] Defendants do not dispute the relevance and discoverability of documents relating to the transfer of the condominium.

[2] Defendants deny this allegation. *See Answer*, ¶14.

600.6131 and 600.6134, *et.seq.*

Count II: Fraudulent transfer, without receipt of reasonably equivalent value, in violation of the Michigan Uniform Fraudulent Transfer Act, M.C.L. §566.12, *et.seq.*

Count III: Liability of the trusts as the alter ego of Judgment Defendants.[3]

## II. LEGAL PRINCIPLES REGARDING DISCOVERY

Under Fed.R.Civ.P. 26(b), the scope of discovery is quite broad. *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." and that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[4] Further, the "scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Lewis*, quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th

---

[3] Supplementary Defendants characterize Count III as a breach of fiduciary duty claim as to which Plaintiffs, not being the beneficiaries of the trusts, lack standing. While it is true that ¶25 of the Complaint alleges that the Trustee breached his fiduciary responsibilities, the gravamen of Count III is set forth in ¶26, which alleges that "[t]he Trusts, including the Childrens' Trusts, are mere instrumentalities of George and Kay Hofmeister and are being used and operated for the purpose of committing a fraud or other wrongful acts, the result of which constitutes an unjust loss or injury to Judgment Plaintiffs." This allegation properly sets forth an "alter ego" theory. *See United States v. Scherping*, 187 F.3d 796, 801 (8th Cir. 1999), *cert. denied* 528 U.S. 1162 (2000).

[4] The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery to matters "relevant to the claim or defense of any party." However, the court "retains authority to order discovery of any matter relevant to the subject matter involved in the action for good cause." *See Advisory Committee Notes to Rule 26 (2000 Amendments)*.

Cir. 1970).

### III. ANALYSIS

A central point of contention in this discovery dispute is whether the Judgment Defendants' transfer of assets into the Trusts in 1998 is relevant to an obligation which was created in March of 2000 or to a demand for payment which was made in January of 2001. In support of their opposition to the requests to produce, Defendants cite Michigan's Uniform Fraudulent Transfer Act, specifically M.C.L. §§566.35(1) and 566.35(2), which define a fraudulent transfer as one which occurs after the creditor's claim arose. They argue that since the Plaintiff's claim did not arise until demand was made in 2001, the request for any information regarding the Trusts before that date is irrelevant.

However, M.C.L. §566.34(1) provides that under certain circumstances, a transfer of assets may be fraudulent even if the transfer was made before the claim arose:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, *whether the creditor's claim arose before of after the transfer was made or the obligation was incurred*, if the debtor made the transfer or incurred the obligation in either of the following:
>
> (a) With the actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:
>
> (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due."

(Emphasis added).

In addition, M.C.L. §566.17 states that a transfer of property can be fraudulent if it is made "with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud *either present or future creditors*" (emphasis added).

M.C.L. §566.34(2) sets forth a non-exclusive list of 11 factors to consider in deciding the question of actual intent under §(1)(a). These factors include whether the debtor retained possession or control of the property after the transfer; whether the transfer was of substantially all of the debtor's assets; whether the value of the consideration received by the debtor was "reasonably equivalent to the value of the asset;" whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; and whether the transfer occurred shortly before or shortly after a substantial debt was incurred. In *Sumpter v. United States*, 302 F.Supp.2d 707, 723-24 (E.D. Mich. 2004), the court stated that while actual fraudulent intent is difficult to prove by direct evidence, it may be shown traditional "badges of fraud," such as inadequacy of consideration, reservation of benefits, control or dominion of the property by the debtor, and insolvency of the debtor. *Sumpter* noted that the traditional badges of fraud, plus others, are enumerated in §566.34(2). *Id*.

As a general principle, I find that within the broad scope of Rule 26(b), the requested information regarding transfers of assets into the Trusts, dating back to 1998, is relevant to the Plaintiff's claims under the Michigan Uniform Fraudulent Transfer Act. The Judgment Defendants' obligation, in the form of the guarantees, was created in 2000, which was, in the

context of this transaction, "shortly before a substantial debt (to Plaintiffs) was incurred." *Sumpter* at 724. Plaintiffs further allege that the Hofmeisters transferred virtually all of their assets into the Trusts, rendering them personally insolvent both at the time of the transfer and at the time they became obligated to Plaintiffs. The relevance of these "badges of fraud" is clear, as evidenced by their statutory enumeration. Plaintiffs also allege that the Hofmeisters retain the benefits, if not the actual control of the assets and of the income from the assets. Indeed, they allege that despite their claimed insolvency, the Hofmeisters are living in a palacial and opulent estate. Thus, transfers out of as well as into the Trusts are relevant.

In addition, and again as a general principle, information regarding benefits received by the Hofmeisters from the Trusts, and the relationship of the Hofmeisters to the control of any of the Trust assets is relevant to the alter ego question in Count III of the Complaint.

### IV. CONCLUSION

Accordingly, Plaintiffs' Motion to Compel is GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's Motion to Compel is GRANTED as to the following Requests to Produce Documents: Nos. 2, 5, 8, 9, 12, 13, 14, and 15.

Plaintiffs' Motion to Compel is DENIED as to Requests to Produce Nos. 3 and 4, based on Defendants' representation that financial statements are not prepared for the Trusts (Request No. 3), and that Defendants are not in control of the Hofmeister financial statements (Request No. 4).

Plaintiffs' Motion to Compel is DENIED as to Requests to Produce Nos.6, 10, and 11. The lesser degree of relevance of these documents is outweighed by the burden and

expense to Defendants of producing them.  *See* Rule 26(b)(2).

   SO ORDERED.


            s/R. Steven Whalen
            R. STEVEN WHALEN
            UNITED STATES MAGISTRATE JUDGE

Dated:  June 14, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 14, 2005.


            s/Gina Wilson
            Judicial Assistant